Barry Boise (ID: 052551991)
Robert A. Jenkin, II (ID: 321032020)
**TROUTMAN PEPPER LOCKE LLP**
301 Carnegie Center, Suite 400
Princeton NJ, 08540
(215) 981-4591
barry.boise@troutman.com
robert.jenkin@troutman.com

*Attorneys for Special Appearance of
Defendant Discord Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW J. PLATKIN, Attorney General of the State of New Jersey, and CARI FAIS, Director of the New Jersey Division of Consumer Affairs,<br><br>Plaintiffs,<br><br>v.<br><br>DISCORD INC.,<br><br>Defendant. | (Electronically Filed)<br><br>CIVIL ACTION<br><br>Civil Action No. 2:25-cv-5130<br><br>State Docket No. ESX-C-000084-25<br><br>**NOTICE OF REMOVAL** |

## D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

1. The plaintiffs in this action are Matthew J. Platkin, Attorney General of the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs.

2. The address for Matthew J. Platkin, Attorney General of the State of New Jersey is 124 Halsey Street, 5th Floor P.O. Box 45029-5029 Newark, New Jersey 07101.

3. The address for Cari Fais, Director of the New Jersey Division of Consumer Affairs is 124 Halsey Street, 7th Floor Newark, New Jersey 07101.

4. Plaintiffs are represented by Jimmy R. Rock, Emily Penkowski Perez, Shantel Chapple Knowlton, and John Feeney-Coyle of Edelson PC, 1255 Union St. NE, Suite 850, Washington, DC 20002.

5. Discord is represented by Barry Boise, Esq. of Troutman Pepper Locke LLP, North 18th Street & Arch Street, Philadelphia, PA 19103 and Robert A. Jenkin, II, Esq. of Troutman Pepper Locke LLP, Suite 400, 301 Carnegie Center, Princeton, NJ 08540; and Justina Sessions, Esq. of Freshfields US LLP, One Bush Street San Francisco CA 94104.

Dated: May 22, 2025

                                              Respectfully submitted,

                                              s/ Barry Boise
                                              Barry Boise
                                              TROUTMAN PEPPER LOCKE LLP
                                              North 18th Street & Arch Street
                                              Philadelphia, PA 19103
                                              *Attorney by Special Appearance of*
                                              *Defendant Discord Inc.*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Discord, Inc. ("Discord"), by and through undersigned counsel, Troutman Pepper Locke LLP, and pursuant to 28 U.S.C. § 1441 *et seq.*, hereby removes this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey. The grounds for removal are that this Court has original subject-matter jurisdiction over Count IV of the complaint and supplemental jurisdiction over the remaining claims. The grounds for removal are further explained as follows:

## THIS NOTICE IS TIMELY

1. On April 17, 2025, plaintiffs Matthew J. Platkin and Cari Fais (collectively, "Plaintiffs") filed a Complaint against Discord in the Superior Court of New Jersey, Chancery Division, Essex County, captioned *Matthew J. Platkin, et al. v. Discord, Inc.*, Case No. ESXC000084-25A (the "State Court Action"). A true and correct conformed copy of the Complaint as filed in the State Court Action is attached as **Exhibit A**.

2. Discord accepted service of the Summons and the Complaint on April 25, 2025, in the State Court Action.

3. Pursuant to 28 U.S.C. § 1446(b), Discord files this Notice of Removal within thirty days of its receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice of Removal is timely because thirty days from April 25, 2025, is May 25, 2025, and this Notice is filed before that date. *See Schaffer v. Borough of Paramus*, No. 223CV00530BRMMAH, 2023 WL 4418653, at *4 (D.N.J. July 10, 2023).

4. The District of New Jersey encompasses the location in which the State Court Action is currently pending (*i.e.*, Essex County, New Jersey). *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

**THIS CASE IS REMOVABLE BECAUSE IT ARISES UNDER THE LAWS OF THE UNITED STATES**

5. Plaintiffs allege Discord has deceived children and parents about the efficacy of the Discord application's safety features. The Complaint asserts four counts alleging violations of the Consumer Fraud Act, N.J.S.A. § 56:8-2, including (1) false promises, misrepresentations, and deception; (2) knowing omissions of material fact; (3) unconscionable and abusive commercial practices; and (4) violating N.J.S.A. § 56:8-4(b) by violating the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 6501(9), 6502(a)(1); 16 C.F.R. § 312.2.

6. In Count IV, Plaintiffs assert that Discord's alleged violations of COPPA (a federal law) are a presumptively unlawful commercial practice that is actionable under N.J.S.A. §§ 56:8-2 and -4. *See* Exhibit A (Complaint at ¶¶ 112–118).

7. This case is removable because one of the claims "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441. Federal courts have jurisdiction over a state-law claim if a federal issue is necessarily raised, actually disputed, substantial, and resolvable in federal court without disrupting the federal-state balance. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005); *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) (explaining that a federal issue is "necessarily raised" when vindication of a right under state law necessarily turns on some construction of federal law). The Complaint, in Count IV, alleges that Discord violated state law

by breaking federal law, specifically 15 U.S.C. §§ 6501(9), 6502(a)(1). *See* Compl. ¶¶ 112–118. This claim raises a federal issue that is an essential element of the claim. *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986).

8. The Court may exercise supplemental jurisdiction over Plaintiffs' remaining state law claims because those claims form part of the same case or controversy. *See* Compl. ¶¶ 94–111.

9. No proceedings have occurred in the State Court Action. Discord has not filed a responsive pleading. Discord reserves all rights to assert any and all defenses with respect to the Complaint, including but not limited to all objections and defenses relating to personal jurisdiction in New Jersey, as well as all other defenses permitted by Federal Rule of Civil Procedure 12. Moreover, Discord reserves the right to amend or supplement this Notice.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or received by Discord in the State Court Action are attached to this Notice of Removal as follows:

    a. The Docket Sheet is attached as **Exhibit B**;

    b. The Motion for Protective Order is attached as **Exhibit C**;

    c. The Correspondence and Amended Motion to Seal is attached as **Exhibit D**;

    d. The Notice of Appearance T. Hyunh is attached as **Exhibit E**;

    e. The Notice of Appearance M. Wang is attached as **Exhibit F**;

    f. The Notice of Appearance E. Rubin is attached as **Exhibit G**;

    g. The Acknowledgement of Service is attached as **Exhibit H**;

    h. The Notice of Appearance M. Wang is attached as **Exhibit I**;

    i. The Notice of Appearance K. Riley is attached as **Exhibit J**;

      j. The Motion for Admission Pro Hac is attached as **Exhibit K**;

      k. The Consent Order is attached as **Exhibit L**;

      l. The Consent Order Granted is attached as **Exhibit M.**

11. Immediately following the filing of this Notice of Removal, Discord will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of New Jersey, Chancery Division, Essex County. *See* 28 U.S.C. § 1446(d).

12. Discord respectfully provides notice that the State Court Action has been removed to this Court.

## **D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT**

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of defendant Discord Inc. ("Discord") certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: May 22, 2025                                    Respectfully submitted,

                                                                       s/ Barry Boise
                                                                       Barry Boise
                                                                       TROUTMAN PEPPER LOCKE LLP
                                                                       North 18th Street & Arch St
                                                                       Philadelphia, PA 19103
                                                                       *Attorney by Special Appearance of Defendant Discord Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, the foregoing was filed electronically. The parties may access this filing through the Court's system. A copy was also served via email and regular mail at the addresses below:

| | |
|---|---|
| **EDELSON PC** <br> Jimmy R. Rock, Esq. <br> Emily Penkowski Perez, Esq. <br> Shantel Chapple Knowlton, Esq. <br> John Feeney-Coyle, Esq. <br> 1255 Union St. NE, Suite 850 <br> Washington, DC 20002 <br> jrock@edelson.com <br> epenkowski@edelson.com <br> schappleknowlton@edelson.com <br> jfeeneycoyle@edelson.com | **ATTORNEY GENERAL OF NEW JERSEY** <br> DIVISION OF LAW <br> Kashif T. Chand, Esq. <br> Thomas Huynh, Esq. <br> Mandy Wang, Esq. <br> Ethan B. Rubin, Esq. <br> Kathleen C. Riley, Esq. <br> 124 Halsey Street, Fifth Floor <br> P.O. Box 45029 <br> Newark, NJ 07101 <br> Kashif.Chand@law.njoag.gov <br> Thomas.Huynh@law.njoag.gov <br> Mandy.Wang@law.njoag.gov <br> Ethan.Rubin@law.njoag.gov <br> Kathleen.Riley@law.njoag.gov <br><br> *Attorneys for Plaintiffs Matthew J. Platkin, Attorney General of the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs* |

　　　　　　　　　　　　　　　　　　　　s/ Barry Boise
　　　　　　　　　　　　　　　　　　　　Barry Boise, Esq.