**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATTHEW J. PLATKIN, Attorney General of the State of New Jersey, and ELIZABETH HARRIS, Acting Director of the New Jersey Division of Consumer Affairs, <br><br> Plaintiffs, <br><br> v. <br><br> DISCORD INC., <br><br> Defendants. | Civil Action No. 25-5130 <br><br> **OPINION** <br><br> April 22, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiffs Matthew J. Platkin's and Elizabeth Harris's, Motion to Remand the action removed to federal court by Defendant Discord Inc ("Discord"). (ECF 19, "Motion" or "Mot."; ECF 1, "Notice of Removal.")   On September 10, 2025, Magistrate Judge Michael A. Hammer issued a Report and Recommendation (ECF 38, "R&R") opining that the Motion should be granted, and Discord subsequently objected to Judge Hammer's Report and Recommendation.  (ECF 42, "Defendants' Objections" or "Def. Obj.") Plaintiffs responded to Discord's Objections.  (ECF 46, "Plaintiff's Response" or "Pl. Resp.")  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, the Court adopts Judge Hammer's Report and Recommendation and thus **GRANTS** Plaintiffs' Motion to Remand this matter to the Superior Court of New Jersey and **DENIES** Plaintiffs' request for attorney's fees. (Mot. to Remand.)

1

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in the Report and Recommendation and will only be repeated here where it is necessary to provide context for this Court's review.

On April 17, 2025, Matthew J. Platkin, Attorney General of the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs filed a four-count civil Complaint in the Superior Court of New Jersey, Chancery Division, Essex County, against Discord Inc.  (ECF 1-1, "Complaint" or "Compl.")  The Complaint alleges that Discord engaged in unconscionable, abusive, and deceptive commercial practices in violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 to -229.  (*Id.* ¶ 7).  The relevant Count to the instant motion is Count IV, which alleges that Discord violated the NJCFA by violating the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6502(a)(1).  (*Id.* ¶ 118 ("In the operation of Discord's business, Defendant has violated COPPA and thereby engaged in a presumptively valid unlawful commercial practice in violation of the CFA, N.J.S.A. 56:8-2 and -4.").)  Plaintiffs maintain that Discord collected information from children under thirteen years old without obtaining verifiable parental consent as required by § 6502(a)(1) (*id.* ¶ 117),[1] despite having actual knowledge that such children used its platform (*id.* ¶ 115), relying instead on "nominal bans" of children under thirteen.  (*Id.* ¶ 117.)

Discord removed the action to this Court from the Superior Court of New Jersey on May 2, 2025, on the basis that the Count IV of Plaintiffs' COPPA claim raises a substantial federal

---

[1] Verifiable parental consent is required by the statute where platforms such as Discord collect personal information from children under thirteen years of age.  15 U.S.C. § 6502(a), (b)(1)(A).  The statute defines "verifiable parental consent" as "any reasonable effort . . . to ensure that a parent of a child receives notice of [and authorizes] the operator's personal information collection, use, and disclosure practices . . . before that information is collected from that child."  15 U.S.C. § 6501(9).

question.  Plaintiffs filed a motion to remand the action to state court on June 9, 2025, asserting that Discord has failed to satisfy the third and fourth prongs of the *Grable* test.[2]  (Mot. at 6–12.) Plaintiffs also seek attorney's fees and costs, arguing that Defendant lacked an objectively reasonable basis for seeking removal.  (*Id.* at 2, 13.)  On September 10, 2025, Judge Hammer filed a detailed Report and Recommendation in which he found that Discord failed to carry its burden of establishing federal jurisdiction on two separate bases: (1) there is no substantial federal issue (R&R 7–16), and (2) Discord has not demonstrated that asserting jurisdiction would not disrupt the federal-state balance.[3]  (*Id.* at 16–20.)  Defendant timely objected to the Report and Recommendation, raising substantially the same arguments Judge Hammer rejected in the R&R. (*See generally,* Def. Obj.)  Plaintiff timely filed a response to Defendant's objection, requesting that this Court adopt Judge Hammer's Report and Recommendation.  (*See generally,* Pl. Resp.)

## II.    **LEGAL DISCUSSION**

When a magistrate judge addresses motions that are considered "dispositive," such as a motion to remand, a magistrate judge will submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the [magistrate judge].  The judge may also receive further evidence or recommit the matter to the

---

[2] In *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313–14 (2005), the United States Supreme Court established a four-prong test to determine when a federal court may exercise jurisdiction over a state law claim, requiring the federal issue to be (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  *See also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (applying *Grable*).

[3] It is undisputed that factors (1) and (2) of the *Grable* test are met; thus, the question before Magistrate Judge Hammer was whether Discord's attempt to invoke federal jurisdiction fails factors (3) and (4).  (R&R 6–7.)

[magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an opinion and order issued by a magistrate judge, a report and recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See, e.g.*, *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's report to which a litigant has filed an objection. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 400–01 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for abuse of that discretion. *See, e.g.*, *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.").

As an initial matter, this Court has reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Hammer's reasoning. The Court will briefly address Discord's Objections and Plaintiffs' Response to the Objections.

Discord objects to Judge Hammer's finding that Discord has not carried its burden of establishing federal jurisdiction, arguing that "the Report misconstrues *Grable* and *Gunn*, relies on inapposite case law, and does not account for COPPA's statutory structure." (Def. Obj. at 5.) First, Discord contends that the Report misreads *Grable* as improperly requiring a constitutional or administrative challenge to establish federal jurisdiction, and misreads *Gunn* by discounting the forward-looking nature of the injunctive relief sought, which would require a state court to dictate

4

ongoing COPPA compliance with nationwide effect. (*Id*. at 7–9.) Second, Discord argues that the Report's reliance on *Hirschbach*, *Nevada v. Bank of America*, and *Sirius XM Radio* is misplaced, as each is distinguishable on the grounds that those cases involved a complaint citing no federal law, a claim with alternative state-law theories, and a federal statute expressly preserving state-court jurisdiction, respectively. (*Id*. at 10–13.) Third, Discord asserts that the Report's concern about upsetting the state-federal balance is overstated given that NJCFA claims are already regularly litigated in federal court—including by the New Jersey Attorney General, who could also have elected to pursue the state and federal claims separately. (*Id*. at 13–15.)

In their response to Discord's Objections, Plaintiffs argue that Discord fails to demonstrate the resolution of Count IV is significant to the federal system as a whole, failing the substantiality requirement of *Grable* (Pl. Resp. at 7–16), and that the federal-state balance is disrupted when a federal court confers jurisdiction on actions by sovereign states alleging state law claims. (*Id*. at 17–21.)

Magistrate Judge Hammer determined that Discord failed to show that Count IV of Plaintiffs' Complaint met the substantiality and federal-state balance prongs of the *Grable* test. On substantiality, Judge Hammer explained that the inquiry turns on the issue's importance "to the federal system as a whole," not its importance to the litigants. (R&R at 8 (citing *Gunn*, 568 U.S. at 264–65)). As the Supreme Court explained in *Gunn*, "[i]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires." 568 U.S. at 260. (R&R at 8.) This directly answers Discord's argument that the forward-looking nature of the injunctive relief sought elevates the federal interest; under *Gunn*, the relief sought by the parties does not drive the substantiality analysis. Similarly, relying on *Merrell Dow Pharmaceuticals Inc.*

*v. Thompson*, 478 U.S. 804, 815–16 (1986), Judge Hammer reasoned that a desire for uniform interpretation of federal law alone does not make a federal issue "substantial," and that any COPPA issue here would be dependent on the facts of the case, with its resolution binding exclusively on the parties. (R&R at 13–14.) As to the assertion that the Report improperly imposed a constitutional or administrative challenge requirement in a misreading of *Grable*, this argument mischaracterizes the Report. Judge Hammer simply provided examples of challenges involving substantial federal questions; he did not create a new threshold requirement. (R&R at 9.)

With respect to Discord's argument that the Report relied on inapposite case law, Judge Hammer's reliance on *Hirschbach v. NVE Bank* was appropriate, as *Hirschbach* itself stated: "[o]n its face, the claim does not reference TISA or expressly identify the predicate misconduct as violations of TISA, but even if it had, the Court's analysis would remain the same." 496 F. Supp. 2d 451, 455 (D.N.J. 2007). In other words, the express citation to federal law in a complaint is not dispositive of whether a substantial federal question exists, and express invocation of COPPA is not sufficient to establish federal jurisdiction. Judge Hammer also properly relied on *Nevada v. Bank of America*, where the Ninth Circuit found that even where the actual dispute and substantiality factors are met, "removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Grable*, 545 U.S. at 313). (R&R at 11.) Finally, Judge Hammer's reference to *People v. Sirius XM Radio Inc.*, 735 F. Supp. 3d 272 (S.D.N.Y. 2024) is appropriate notwithstanding Discord's attempt to distinguish it on the ground that the statute there expressly authorized state court suits. The *Sirius XM Radio* court also relied on a broader "presumption against federal jurisdiction" when states enforce their own consumer protection laws. *Sirius XM*

6

*Radio Inc.*, 735 F. Supp. 3d at 276 (citation omitted).  This presumption is applicable here, where COPPA only preempts state laws "inconsistent" with its provisions, 15 U.S.C. § 6502(d), leaving states free to enforce laws that incorporate COPPA standards through their own statutes.

On the fourth prong of the *Grable* test, Judge Hammer found that exercising federal jurisdiction in this case would upset the federal-state balance Congress chose for COPPA.  (R&R at 16.)  COPPA authorizes enforcement by the FTC and State Attorneys General in *parens patriae* actions, *see* 15 U.S.C. § 6504, but creates no private federal right of action.  Critically, Count IV seeks to enforce the NJCFA, not COPPA directly: the New Jersey Attorney General does not invoke § 6504(a)(1)'s *parens patriae* provision in Count IV, but instead borrows COPPA under N.J.S.A. 56:8-4(b) to plead and remedy an NJCFA violation under N.J.S.A. 56:8-2.[4]  (R&R at 9 n.8, 15.)  This distinction is fatal to Discord's argument that Count IV is a COPPA enforcement action in all but name. Count IV is, at its core, a state-law claim.

Because Count IV is a state-law claim borrowing a federal standard, Discord's premise that the Attorney General could have litigated a federal claim in federal court to avoid state-law litigation collapses.  And because COPPA does not require that state-law actions incorporating COPPA standards proceed exclusively in federal court, nor does it bar states from enforcing consistent protections through their own statutes (R&R at 17–19), New Jersey's "strong sovereign interest in enforcing its state laws … in the courts of its own state" supports remand.  (R&R at 18 (quoting *Nevada v. Bank of Am.*, 672 F.3d at 676).  As the Ninth Circuit warned in *Nevada v. Bank of America*, treating state consumer claims as federal-question cases would "herald[] a potentially

---

[4] N.J.S.A. 56:8-4(b) provides that "[i]n an action brought by the Attorney General, any commercial practice that violates State or federal law is conclusively presumed to be an unlawful practice under [N.J.S.A. 56:8-2]."

enormous shift" into federal court, 672 F.3d at 676 (quoting *Grable*, 545 U.S. at 319), with real potential to disturb "the federal-state division of labor," *Grable*, 545 U.S. at 315.  (R&R at 10–11.)

This Court agrees with Judge Hammer's assessment. Federal jurisdiction is improper where the federal component of a claim is not significant to the federal system as a whole, and where a sovereign state merely incorporates a federal standard in seeking to remedy a violation of its own law.  (R&R at 7–16.)  Plaintiffs invoke COPPA as the borrowed standard and do not construe and apply federal law.  *See Hirschbach*, 496 F. Supp. 2d at 455–56.  COPPA therefore is not dispositive in a way that converts Count IV into a federal claim; Count IV remains an NJCFA claim.  Exercising federal jurisdiction in these circumstances would interfere with New Jersey's strong interest in enforcing its state laws in its own state courts.  (R&R at 16–21.)  For the foregoing reasons, the Court adopts Judge Hammer's analysis regarding federal jurisdiction.

Finally, Judge Hammer recommended this Court reject Plaintiffs' request for attorney's fees because (1) Plaintiffs' motion to remand "makes only a perfunctory reference to fees in its 'Conclusion' paragraph" (Mot. at 13); (2) Discord had an objectively reasonable basis to oppose Plaintiffs' motion; and (3) Plaintiffs "provided no specific amount of fees requested, nor information concerning those fees." (R&R at 20–21). The Court agrees with, and hereby adopts, Judge Hammer's recommendation regarding the issue of attorney's fees, and denies Plaintiffs' request.

## III.    **CONCLUSION**

For the reasons stated above, the Court hereby adopts Magistrate Judge Hammer's Report and Recommendation (R&R) and thus grants Plaintiffs' motion to remand and denies Plaintiffs' request for attorney's fees. (Mot. to Remand).

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Michael A. Hammer, U.S.M.J.
       Parties